UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CYNTHIA JACOBSEN, et al.,<br><br>   Plaintiffs,<br><br>  v.<br><br>NATIONAL RAILROAD PASSENGER CORPORATION,<br><br>   Defendant. | Case No. 5:14-cv-03669-EJD<br><br>**ORDER DISCHARGING ORDER TO SHOW CAUSE** |

On February 9, 2015, the court issued an order requiring Plaintiffs Cynthia Jacobsen and Anker Jacobsen ("Plaintiffs") to show cause why this action should not be dismissed pursuant to Federal Rule of Civil Procedure 41(b) after Plaintiffs failed to file a case management conference statement by the imposed deadline. See Docket Item No. 14. Plaintiffs purportedly filed two documents in response to this order. See Docket Item Nos. 15, 16. The first is a declaration from attorney Joe B. Ritchey, wherein Mr. Ritchey states that he must have "somehow become 'of record' in this case during its removal from State Court," yet his address did not become associated with the removal. The second is a case management conference statement on behalf of Plaintiffs.

After receiving Mr. Ritchey's declaration, and considering the suggestion that he does not represent Plaintiffs in this action, the court reviewed the docket to determine why and how Mr. Ritchey became associated with this case. That review reveals that another attorney, Donald C.

1

Case No.: 5:14-cv-03669-EJD
ORDER DISCHARGING ORDER TO SHOW CAUSE

Schwartz, filed the Complaint that initiated this action in Monterey County Superior Court on March 19, 2014. Mr. Schwartz's contact information was also entered on the federal court's docket upon the removal of this action August 13, 2014, presumably because his name appears on the state court Complaint. However, for reasons that are unexplained by the documentary record, Mr. Ritchey was served, as the attorney for Plaintiffs, with a copy of Defendant National Railroad Passenger Corporation's Answer, which was filed in state court on the same day the action was removed. That information appears to superficially explain Mr. Ritchey's recent participation.

But what is still unclear is how Mr. Ritchey received notice of the Order to Show Cause filed on February 9, 2015. As noted above, he was not listed an attorney of record on the federal court docket, and for that reason, he would not have received notice of the document's filing, either electronically or through the mail. Yet, he somehow knew to respond by the deadline.

These circumstances raise significant concern for the court, particularly when the lack of clarity over representation can have significant consequences to Plaintiffs, who may or may not be aware of the issue or the current status of this case. Accordingly, the court orders as follows:

1. Considering his past connection to this case and the fact that he is able to file documents on behalf of Plaintiffs, Mr. Ritchey shall serve as counsel of record for Plaintiffs for thirty days from the date of this Order solely for the purposes of receiving and providing legal documents to Plaintiffs unless another attorney files a Notice of Appearance prior to the expiration of that period or the court is notified that Plaintiffs intend to proceed without representation. Mr. Ritchey shall, no later than **March 2, 2015**, serve a copy of this order on Plaintiffs and file a certification of service demonstrating that such service has been completed. The Clerk shall add Mr. Ritchey to the docket such that he receives electronic notice of the filings in this action going forward.

2. If Mr. Schwartz intends to represent Plaintiffs in this action, he shall file a notice confirming that he is attorney of record within the same timeframe described above.

3. In order to allow the issue of Plaintiffs' representation to resolve, this action is STAYED for thirty days from the date this order is filed.

4. Plaintiffs are notified that should they not retain new counsel, it will be their

2
Case No.: 5:14-cv-03669-EJD
ORDER DISCHARGING ORDER TO SHOW CAUSE

responsibility to prosecute this case.  To that end, Plaintiffs must comply with all orders and deadlines imposed by the court.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

     5.    The Order to Show Cause filed on February 9, 2015, is DISCHARGED.

**IT IS SO ORDERED.**

Dated: February 25, 2015



EDWARD J. DAVILA
United States District Judge

Case No.: 5:14-cv-03669-EJD
ORDER DISCHARGING ORDER TO SHOW CAUSE

3