UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CYNTHIA JACOBSEN, et al.,<br><br>    Plaintiffs,<br><br>        v.<br><br>NATIONAL RAILROAD PASSENGER CORPORATION,<br><br>    Defendant. | Case No. 5:14-cv-03669-EJD<br><br>**ORDER TO SHOW CAUSE** |

On August 19, 2016, the parties to the above-entitled action participated in a court-ordered settlement conference with Magistrate Judge Howard R. Lloyd. They successfully reached a settlement of all of Plaintiffs' claims against Defendant, the material terms of which were read into the record by counsel:

- The "total aggregate settlement amount to be paid by [Defendant] Amtrak[1] to the Plaintiffs, their lawyers, and this bill to . . . Dr. Susan Sharp, is [$]31,500." Dkt. No. 81, at 19:9-11.

- The "breakdown" of the total amount is: "[$]26,500 to the Plaintiffs jointly, and that check will be mailed directly to them. [$]4,500 to [Plaintiffs' counsel] Mr. Schwartz, and that check will be mailed directly to Mr. Schwartz's office, $500 to Dr. Susan Sharp." Id. at 19:12-16.

- In exchange for the settlement funds, "Plaintiffs agree to execute a standard release of all claims agreement, including a waiver of California Civil Code Section 1542." Id. at

---

[1] The parties referred to Defendant National Railroad Passenger Corporation as "Amtrak" when reciting the terms of the settlement agreement into the record.

Case No.: 5:14-cv-03669-EJD
ORDER TO SHOW CAUSE

1

19:23-20:1. That agreement "releases Amtrak and its employees, its Board of Directors, its lawyers" and is "independent of them signing the release agreement." Id. at 20:1-6. The release covers claims for "defamation, misrepresentation, personal injury, emotional injury, and PTSD claims" and was operative "whether the settlement agreement is signed or not." Id. at 20:19-24. Though Plaintiffs agreed to sign the release, "their failure to sign the standard release will not disturb the agreement" that was recited into the record. Id. at 20:12-14. Plaintiffs' counsel clarified "that the settlement is enforceable as we stand here today . . . ." Id. at 21:14-17.

- The parties agreed the settlement "resolves any and all claims that Plaintiffs have or may have arising out of the events of March 19, 2013, the events that occurred aboard the Amtrak train, and as more specifically alleged in the operative complaint." Id. at 20:7-11.

- Finally, the parties agreed the court would retain jurisdiction to enforce the settlement and its terms. Id. at 20:25-21:2.

After the terms were explained on the record, Defendant's representative indicated his agreement with the settlement. Id. at 21:6. The court then asked Plaintiffs whether they understood the terms and conditions of the settlement. Id. at 21:19-23:1. Both responded affirmatively. Id. The court also inquired whether Plaintiffs understood they could not rescind consent to the settlement "even if you don't sign the written document that's going to be mailed to you." Id. Each Plaintiff stated they understood that condition. Id.

"It is well settled that a district court has the equitable power to enforce summarily an agreement to settle a case pending before it." Callie v. Near, 829 F.2d 888, 890 (9th Cir. 1987). Indeed, "'it is well-established that an oral agreement is binding on the parties, particularly when the terms are memorialized into the record,'" even if a written agreement is not later signed. Doi v. Halekulani Corp., 276 F.3d 1131, 1138 (9th Cir. 2002) (quoting Sargent v. HHS, 229 F.3d 1088, 1090 (Fed. Cir. 2000)). So long as the material terms are complete, the court may enforce the agreement without an evidentiary hearing. Id. at 1139.

2
Case No.: 5:14-cv-03669-EJD
ORDER TO SHOW CAUSE

Here, the record from the settlement conference establishes that the parties appeared, announced they had settled, and placed the material terms of the settlement agreement on the record. They also indicated they understood the settlement terms, agreed with them, and recognized they were enforceable even without a written agreement.

Accordingly, the court orders the parties to show cause why judgment should not be entered consistent with the settlement terms. If any party believes judgment should not be so entered, they may respond to this Order to Show Cause no later than **January 20, 2017**, with any and all legal arguments and evidence supporting their position. For example, if Plaintiffs believe the settlement should be set aside, they must provide the legal authority that supports their argument as well as any evidence that establishes their claim. Similarly, if Defendant believes there are additional settlement terms not included in the above recitation, such as those that concern a medical lien, it shall similarly provide the legal authority that provides for the incorporation of those terms as well as any supporting evidence.

No hearing will be held on the Order to Show Cause unless otherwise ordered by the court. Instead, the court will issue a written decision on this issue subsequent to January 20, 2017.

In light of this order, the court finds that the Status Conference scheduled for January 5, 2017, is unnecessary. Accordingly, that hearing is VACATED.

**IT IS SO ORDERED.**

Dated: December 30, 2016

EDWARD J. DAVILA
United States District Judge

Case No.: 5:14-cv-03669-EJD
ORDER TO SHOW CAUSE

3